# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

J.T. BLAKNEY                                                     PLAINTIFF

v.                                                CAUSE NO. 1:16CV129-LG-RHW

MISSISSIPPI REGIONAL
HOUSING AUTHORITY 8                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT

BEFORE THE COURT is the [43] Motion for Summary Judgment filed by Defendant Mississippi Regional Housing Authority VIII (who states that it was incorrectly identified in the Complaint as "Mississippi Housing Authority 8"). Plaintiff J.T. Blakney, who is proceeding *pro se*, has not responded to the Motion, and the time for doing so has expired. Having reviewed the Motion and the applicable law, the Court is of the opinion that the Motion should be granted and that Plaintiff Blakney's claims in this action should be dismissed with prejudice.

In addition, the Housing Authority requests that the Court tax costs against Blakney, but did not support this request with any law or argument. Taking into account Blakney's *pro se* status, the Court does not find this request well-taken and will deny it.

### BACKGROUND

For over ten years, Blakney has resided at Guice Place, an apartment complex in Gulfport, Mississippi managed by the Housing Authority. In his Complaint, Blakney states that the Housing Authority, as his landlord, attempted

to have him sign a "lease that doesn't have in it the accommodation for people with disabilities which is HUD regulation that is suppose[d] to be put in the lease." (Compl. 1, ECF No. 1). He also states that the Housing Authority "violated the optional and supplemental contact information for HUD-assisted housing applicants [by] never sending my son letter dated August 3, 2015." (*Id.*). The Housing Authority has moved for summary judgment in its favor on both of these claims, and the Court will therefore discuss each claim in turn below.

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-movant. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). Even so, "[t]he non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *See id.* Summary judgment is appropriate if the non-movant fails to make a showing sufficient to show the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Blakney has not submitted any argument or evidence in opposition to the Housing Authority's Motion. Nevertheless, the Housing Authority bears the burden

2

of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). But the Court will not, in the absence of proof, assume that Blakney could or would prove the necessary facts. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Indeed, "although the pleadings filed by pro se parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenut Corr. Corp.*, 202 F.3d 265, *2 (5th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir. 1995)); *see also Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 413 (5th Cir. 2006).

## I. BLAKNEY'S LEASE

The omitted section of Blakney's lease form related to reasonable accommodations for persons with disabilities. It remains undisputed that the Housing Authority removed this section from *all* leases because this section "contained language that was repetitive of language contained in much more extensive policies that [the Housing Authority] provides [in] a reasonable accommodation packet" given to Guice Place tenants. (*See* Dec. of Jessie Billups ¶9, Ex. 1 to Mot. For Summ. J., ECF No. 45-1). "Based on the contents of the packet, including the reasonable accommodation language in the lease form was

3

unnecessary." (*Id.*). The Housing Authority has submitted relevant portions of the packet, as well as Blakney's discovery responses in which he admits that he received the packet. The failure to include the reasonable accommodation information in the lease itself does not violate any HUD or other regulation, and Blakney has not otherwise alleged that he requested a reasonable accommodation that was denied. The Housing Authority is entitled to summary judgment on this claim.

Furthermore, while unclear, to the extent that Blakney is attempting to state a claim for disparate treatment disability discrimination under the Fair Housing Act (FHA), 42 U.S.C. § 3604, *et seq.*, that claim fails as well. Even if Blakney could establish that he is disabled, there is no genuine issue of material fact that the Housing Authority omitted the reasonable accommodation section from the leases of all Guice Place tenants, not simply his. *See, e.g.*, *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1216 (11th Cir. 2008) (FHA plaintiff must "show that he has actually been treated differently than similarly situated" non-disabled people).[1]

## II. BLAKNEY'S SON

In pertinent part, 42 U.S.C. § 13604 provides that a federal housing applicant like Blakney has the option to provide the name, contact information, and "other

---

[1] If Blakney is trying to state some other claim under HUD regulations, the FHA, or other federal authority, he has not come forward with any argument or evidence sufficient to create a genuine issue of material fact that the Housing Authority violated federal law. The same is true for Blakney's claim related to contacting his son, discussed in further detail herein.

4

relevant information of a family member" with his housing application.  The Housing Authority is thereafter required "to maintain such information for any applicants who become tenants of the housing, for the purposes of facilitating contact . . . with such person . . . to assist in providing any services or special care for the tenant and assist in resolving any relevant tenancy issues arising during the tenancy of such tenant."  *See* 42 U.S.C. § 13604(b).

On July 27, 2015, Blakney completed the "Optional and Supplemental Contact Information for HUD-Assisted Housing Applicants" form and listed his son Jordan Blakney as his supplemental contact, including Jordan's address.  (*See* Dec. of Jessie Billups Ex. F, Ex. 1 to Mot. For Summ. J., ECF No. 45-1).  On August 3, 2015, the Housing Authority sent Blakney a letter regarding a tenancy issue and sent a copy of the letter to Jordan at the address provided by Blakney, but the letter was returned as undeliverable.  (*See id.* at Ex. E).  Blakney has not disputed any of this evidence, and his Complaint allegations that the Housing Authority did not send a copy of the letter to Jordan are insufficient to overcome summary judgment.  *See Abarca*, 404 F.3d at 940.  That Jordan ultimately did not receive the letter – because Blakney provided the wrong address or for some other reason – does not amount to a violation of federal law.  Accordingly, the Court will also grant summary judgment to the Housing Authority on this claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [43] Motion for Summary Judgment filed by Defendant Mississippi Regional Housing Authority VIII is **GRANTED**.  This action is **DISMISSED WITH PREJUDICE**.

5

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant's request that costs be taxed against Plaintiff is **DENIED**. However, **Plaintiff is cautioned against filing further lawsuits based on these same facts.**

**SO ORDERED AND ADJUDGED** this the 7th day of June, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
